UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| Rashad Mauldin | : | Case No.: |
|  | : |  |
| Plaintiff | : | **COMPLAINT** |
| v. | : |  |
|  | : |  |
| The Lincoln National Life | : |  |
| Insurance Company | : |  |
|  | : |  |
|  | : |  |
| Defendant | : |  |

Plaintiff, Rashid Mauldin, for his Complaint against Defendant The Lincoln National Life Insurance Company ("Lincoln") states as follows:

1. Plaintiff is an individual who resides in Bangor, Maine and who is or was a participant in a long-term disability plan (the "Plan") sponsored by his former employer, Somic America.

2. The Plan is funded through a group long term disability insurance policy Lincoln issued to Somic America (the "Policy").

3. Lincoln is a foreign company located in Lincoln, Nebraska.

4. Lincoln serves as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Plaintiff brings this action to recover benefits under the Plan and Policy.

6. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy.  This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over Lincoln because, per ERISA 502(e), it issued a policy to an employer located in Brewer, Maine.

## Claim for Relief

7.    The Policy provides that Lincoln will pay long term disability benefits to participants who are participants under the Plan.

8.    Under the Policy, disability is defined as follows:

"TOTAL DISABILITY or TOTALLY DISABLED will be defined as follows: 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.

2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow. - -- The loss-of a professional license, an occupational license or certification, or a drivers license for any reason does not, by itself, constitute Total Disability"

9.    Plaintiff stopped working on June 29, 2020, due to the following conditions:  right shoulder injuries and severe back pain.

10.    Plaintiff became disabled under the policy on or about June 29, 2020.

11.    Plaintiff has qualified for long term disability under the Policy.

12.    Plaintiff timely submitted a claim for long term disability benefits to Lincoln.

13.    Lincoln initially denied the claim and then reversed its decision on an initial appeal.

14.    Following the reversal on appeal, Lincoln again denied Plaintiff's claim on January 10, 2022.

15.    Plaintiff appealed that determination on December 30, 2022.

16.     Lincoln has not rendered a determination on appeal in violation of ERISA's claims procedure regulation.  Accordingly, Plaintiff's administrative remedies are deemed exhausted.

17.     Plaintiff is entitled to a judgment against Lincoln in the amount of the unpaid long term disability benefits under the Policy and Plan.

18.     Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff  requests the Court grant her the following relief from Defendant:

    a.   A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b.   An order reinstating her benefits and ordering that they be paid through coverage under the Plan and Policy.

    c.   Plainitff's costs and attorney's fees; and

    d.   All other relief the Court may deem proper.

Dated:  March 5, 2023

/s/ Andrew S. Davis
Andrew S. Davis
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04011
andrew@erisabenefitlawyer.com
